Dear Mr. Lawrence:
I am in receipt of your request for an Attorney General's Opinion on behalf of the Monroe Parish School Board regarding the interpretation ofLSA-R.S. 17:1202. You state that the meaning of subsection A(1) of the statute and the language therein which provides that A[e]very parish and city school board shall permit each teacher to take up to ninety days of extended sick leave in each six-year period of employment . . . is at issue.
Specifically, you seek a response to the following questions:
 In interpreting this Subsection, does the statute require that a teacher complete six years of service prior to becoming eligible to take up to ninety days of extended sick leave? May a teacher take up to ninety days of sick leave in her or his first year of employment? May limitations be placed on the use of the ninety day extended sick leave period by school districts, such that eligibility and use of extended sick leave time is pro-rated according to the period that a teacher is employed during a six-year period? For example, may a teacher with only three years of experience be limited to using only up to 45 days of extended sick leave? Do school districts possess any discretion at all in determining when or how the ninety days of extended sick leave may be used, particularly in instances where a teacher is new, or has not been employed for a year or for any other significant period of time?
LSA-R.S. 17:1202A(1) states the following:
 A. (1) Every parish and city school board shall permit each teacher to take up to ninety days of extended sick leave in each six-year period of employment which may be used for personal illness or illness of an immediate family member in the manner provided in this subsection at any time that the teacher has no remaining regular sick leave balance.
LSA-R.S. 17:1201 was amended by Act 1999 No. 1341. The amendment eliminated the prohibition on certain deductions from the salary of a teacher. Sections A(2) through E(3) which completes the remainder of the statute is all new law. It sets forth the definitions of the terms used in the statute as well as the requirements for being in compliance with Section A(1).
Act 1999 amended and reenacted LSA-R.S. 17:47(1) which deals with extended sick leave and personal leave for teachers in special schools as well as LSA-R.S. 17:500.2 which deals with extended sick leave for school bus drivers. The language used in LSA-R.S. 17:1202, LSA-R.S. 17:47(D)
and LSA-R.S. 17:500.2 concerning extended sick leave contains the same language.
There are no cases or Attorney General Opinions interpreting LSA-R.S.17:1202. Therefore, we are limited to reviewing the language as set forth in the statute.
You ask whether the statute requires that the teacher complete six years of service prior to becoming eligible to take up to ninety days of extended sick leave? The statute states that the ninety days of extended sick leave may be used at any time the teacher has no remaining regular sick leave balance.
You inquire whether a teacher may take up to ninety days of sick leave in his or her first year of employment? It appears that a teacher may take up to ninety days of sick leave in the first year provided the teacher has no remaining regular sick leave balance and provided the teacher does so in the manner provided in LSA-R.S. 17:1202.
Next, you ask whether limitations may be placed on the use of the ninety days extended sick leave period by school districts such that eligibility and use of extended sick leave time is pro-rated according to the period that a teacher is employed during a six-year period? You cite an example of a teacher with only three years of experience being limited to using only up to 45 days of extended sick leave.
Once again, the statute states that the ninety days of extended sick leave may be used at any time that the teacher has no remaining regular sick leave balance. Therefore, in response to your question, it is the opinion of this office that limitations may not be placed on the use of the ninety days of extended sick leave by school districts by prorating the use of the leave by the period of time a teacher has been employed.
You also ask whether school districts possess any discretion at all in determining when or how the ninety days of extended sick leave may be used, particularly in instances where a teacher is new or has not been employed for a year or for any other significant period of time? You state that in some situations it may not be fair for school districts to have the potential financial risk of a teacher who has been employed for a limited period of time and exhausted his or her sick leave and would therefore qualify for extended sick leave. Although you may be correct in your illustration, the language as used by the legislature does not appear to allow any limitations other than those set forth in the statute to be placed on the use of the 90 days after the initial 10 days of sick leave have been exhausted. Any limitations would have to be provided for legislatively. Therefore, school districts possess no discretion other than what is provided in LSA-R.S. 17:1202 in determining when or how the ninety days of extended sick leave may be used.
I hope this opinion sufficiently addresses your concerns. If I can be of further assistance, please let me know.
Very truly yours,
RICHARD P. IEYOUB
ATTORNEY GENERAL
 BY:__________________________________ BETH CONRAD ROBINSON ASSISTANT ATTORNEY GENERAL
RPI:BCR:sc
DATE RECEIVED 01-30-03 B.R.
DATE RECEIVED: 02-17-03 SH
DATE RELEASED: April 11, 2003
BETH CONRAD ROBINSON
ASSISTANT ATTORNEY GENERAL